**Exhibit A — University of Texas System Letter Brief to Texas Attorney General (August 20, 2025)**

THE UNIVERSITY *of* TEXAS SYSTEM
THIRTEEN INSTITUTIONS. UNLIMITED POSSIBILITIES.

**Office of General Counsel**
210 West 7th Street
Austin, Texas 78701-2903
512-499-4462
WWW.UTSYSTEM.EDU

**Jennifer Burnett**
*Associate General Counsel & Public Information Coordinator*

August 20, 2025

Open Records Division
William B. Clements, Jr. State Office Building
300 W. 15th Street, 11th Floor
Austin, Texas 78701

Re:     Public Information Request from Gallit Fischman to The University of Texas Southwestern Medical Center -- OGC# 222101

On June 30, 2025, The University of Texas Southwestern Medical Center ("University") received a request for information from Gallit Fischman ("Requestor"). On July 15, 2025,[1] the University sought, in good faith, clarification of the request. *See* TEX. GOV'T CODE § 552.222(b) (governmental body may communicate with requestor to clarify or narrow request). The University received the Requestor's written response on July 16, 2025. The University sought a second clarification on July 30, 2025. The University received two written clarifications from the Requestor on August 1, 2025, and a final clarified written response on August 6, 2025.[2] The University subsequently sent the request to The University of Texas System ("UT System") for handling with your office.

In accordance with section 552.301 of the Texas Government Code, we now send this request for decision within ten business days from the date the final clarified request was received. *See City of Dallas v. Abbott*, 304 S.W. 3d. 380, 384 (Tex. 2010) (holding that when a governmental entity requests a clarification or narrowing of a request for public information in good faith, the ten-day period to request an attorney general opinion as to an exception to disclosure is measured from the date the request is clarified). The University has copied the Requestor on this letter brief in accordance with section 552.301(d).

The Requestor seeks access to the following information:

*FINAL CLARIFIED REQUEST*

*A full list of all UTSW-affiliated doctors who were involved in the TEAMMATE clinical trial, including their specific roles, as well as any UTSW doctors or*

---

[1] We note that the University was closed on July 4, 2025, for the Independence Day holiday.
[2] The final clarified response was sent after business hours via email on Tuesday, August 5, 2025, and is therefore, considered received on Wednesday, August 6, 2025, the next business day.

The University of Texas at Arlington · The University of Texas at Austin · The University of Texas at Dallas · The University of Texas at El Paso

The University of Texas of the Permian Basin · The University of Texas Rio Grande Valley · The University of Texas at San Antonio

The University of Texas at Tyler · The University of Texas Southwestern Medical Center · The University of Texas Medical Branch at Galveston

The University of Texas Health Science Center at Houston · The University of Texas Health Science Center at San Antonio

The University of Texas MD Anderson Cancer Center

*supporting staff who were included on distribution lists that received trial status updates or performance metrics. All materials that were shared with the parents or guardians of children participating in the trial. This includes recruitment materials, informational packets, documentation on the drugs involved, ongoing communications, consent forms, and any PAP (Patient Assistance Program) forms used throughout the duration of the study.*

The University asserts the requested information, a representative sample of which is submitted herein, is protected from disclosure under sections 552.101 and 552.103 of the Texas Public Information Act ("Act").

**Section 552.101 of the Texas Government Code
in conjunction with Section 161.032 of the Health and Safety Code**

Under section 552.101 of the Texas Government Code, information is excepted from disclosure if it is "information considered to be confidential by law, either constitutionally, statutorily or by judicial decision." TEX. GOV'T CODE § 552.101. Specifically, the requested information is protected from disclosure under section 161.032 of the Health & Safety Code, which provides in pertinent part:

(a) The records and proceedings of a medical committee are confidential and are not subject to court subpoena.

. . .

(c) Records, information, or reports of a medical committee, medical peer review committee, or compliance officer and records, information, or reports provided by a medical committee, medical peer review committee, or compliance officer to the governing body of a public hospital, hospital district, or hospital authority are not subject to disclosure under Chapter 552, Government Code.

TEX. HEALTH & SAFETY CODE § 161.032(a), (c). Section 161.031(b) of the Texas Health & Safety Code provides that a medical committee "includes a committee appointed ad hoc to conduct a specific investigation *or established under state or federal law* or rule or under the bylaws or rules of the organization or institution." *Id.* § 161.031(b) (emphasis added).

The information at issue consists of records prepared by, or at the direction of, Boston Children's Hospital's ("BCH") Institutional Review Board ("IRB") and provided to the University's IRB. Both IRBs are medical committees established under federal law.[3] Federal regulations define an IRB as:

---

[3] 42 U.S.C. § 289 requires the establishment of IRBs to review biomedical and behavioral research involving human subjects conducted at or supported by an entity which applies for a grant, contract, or cooperative agreement for any project or program which involves conduct of biomedical or behavioral research involving human subjects. *See* 42 U.S.C. § 289 *et seq.*

2

any board, committee, or other group formally designated by an institution to review, to approve the initiation of, and to conduct periodic review of, biomedical research involving human subjects. The primary purpose of such review is to assure the protection of the rights and welfare of the human subjects....

*See* 21 C.F.R. Sec. 56.102(g). The University's IRB is comprised of University faculty and staff and is charged with reviewing and approving research involving human subjects at the University. While BCH's IRB has primary regulatory oversight of the trial at issue,[4] the University IRB maintains these records to ensure compliance with the University IRB's own oversight responsibilities. Given the definition of IRBs under the federal regulations and the fact that IRBs are committees created pursuant to federal law, your office has routinely ruled that an IRB is a medical committee, and its records are protected from disclosure pursuant to section 161.032. *See* OR2011-05012; OR2005-00935; OR2004-3384; and OR2004-3250.

The medical committee privilege "extends to documents...prepared by or at the direction of the committee for committee purposes . . ." *Jordan v. Ct. of App. For 4th Sup. Jud. Dist.*, 701 S.W.2d 644 (Tex. 1985). The information at issue was prepared by or at the direction of the BCH's IRB and maintained by the University's IRB. Your office has previously found, on multiple occasions, UT System institutions' IRBs are medical committees for purposes of section 161.032. *See* OR2023-20276; OR2022-05656. Accordingly, the information at issue is confidential by law under section 161.032 of the Texas Health & Safety Code and is thus excepted from disclosure in conjunction with section 552.101 of the Texas Government Code.

### Section 552.103 of the Texas Government Code

In addition, the University asserts the submitted information is protected from disclosure under section 552.103 of the Texas Government Code.[5] The test for demonstrating an exception under section 552.103 requires a showing that, as of the date the request for the information was received by the governmental body: (1) litigation involving the governmental body is pending or reasonably anticipated, and (2) the information relates to the litigation. *Univ. of Tex. Law Sch. v. Tex. Legal*

---

[4] The University is relying upon BCH's IRB for the study protocol at issue pursuant to the SMART IRB Master Reliance Agreement in which both are participatory institutions.

[5] § 552.103 of the Texas Government Code provides an exception for litigation or settlement negotiations involving the state or a public subdivision and provides that:
(a) Information is excepted from the requirements of Section 552.021 if it is information relating to litigation of a civil or criminal nature to which the state or a political subdivision is or may be a party or to which an office or employee of the state or a political subdivision as a consequence of the person's office or employment, is or may be a party.
(b) For the purposes of this section, the state or political subdivision is considered to be a party to litigation of a criminal nature until the applicable statue of imitation has expired or until the defendants had exhausted all appellate and post conviction remedies in state and federal courts.
(c) Information relating to litigation involving a governmental body or an officer or employee of governmental body is excepted from disclosure under Subsection (a) only if the litigation is pending or reasonably anticipated on the date that the requestor applies to the officer for public information for access to or duplication of the information.

3

*Found.*, 958 S.W.2d 479, 481 (Tex. App—Austin 1997, no pet.); *Heard v. Houston Post Co.*, 684 S.W.2d 210, 212 (Tex. App.—Houston [1ˢᵗ Dist] 1984, writ ref'd n.r.e.); Open Records Decision No. 551 at 4 (1990).

The first prong of the test is satisfied. On June 30, 2025, the University received a notice letter from the Requestor alleging healthcare liability claims against the University and named employees. Such notice is required by the Texas Civil Practice and Remedies Code § 74.051 before litigation can be filed concerning a healthcare liability claim. The University received the letter prior to the date the present final clarified request was received. Based on the totality of circumstances, including the specific demand for damages and threat to file suit, the University reasonably anticipated litigation on the date of the present request. As such, the first requirement of section 552.103 is satisfied.

The second requirement of section 552.103 of the Act is also met. In the notice letter, the Requestor asserts, in part, claims arising from the administration of the prescription medication, Everolimus. This medication was studied as part of the TEAMMATE clinical trial in which University employees acted as investigators or support staff. The Requestor seeks information concerning the TEAMMATE clinical trial, including the identities of the involved University employees. The requested information is directly tied to the claims alleged against the University and the anticipated litigation. *See e.g.*, OR2003-4593. We believe that release of the responsive information at issue, in the face of the aforementioned claims to which this material is clearly relevant, could be used by the potential opposing party seeking to bolster or expand her claims against the University and interfere with the University's defense of such claims. The University has, therefore, also satisfied the second part of the test required by section 552.103 of the Act.

In short, we have shown that the University anticipated litigation in this matter by virtue of the notice of claim and demand letter, which preceded the University's receipt of the final clarified request. Additionally, the University has shown that the claims are related to the information sought by the Requestor. The University has, therefore, also satisfied the second prong of this test. The University has met its burden pursuant to section 552.103(a) and (c) of the Act. In light of these facts, the University asserts that section 552.103 excepts the responsive information at issue from disclosure.

## Conclusion

The University respectfully requests that the Attorney General review the arguments presented in this brief and issue a ruling that the information at issue is protected from disclosure as described herein.

All interested parties are listed below. If you need additional information, please do not hesitate to contact me at 512-579-5187.

Sincerely,

4

Jennifer Burnett

cc: Requestor: (w/o Enclosures)

Gallit Fischman
gallitfischman@yahoo.com