IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GALLIT FISCHMAN, Individually, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:26-cv-11504 |
| | § | |
| BOSTON CHILDREN'S HOSPITAL, | § | |
| | § | |
| Defendant. | § | |

---

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR HEARING AND NOTICE OF SCHEDULED HEARING**

---

Plaintiff Gallit Fischman, proceeding pro se, respectfully submits this Response to Defendant's Request for Hearing and the subsequent notice scheduling the requested hearing.

Defendant previously requested oral argument in its Second Motion to Dismiss, and Plaintiff expressly addressed that request in her opposition. The Motion is now fully briefed, including the supplemental briefing authorized by the Court.

Local Rule 7.1(d) provides that a party seeking oral argument should include the request in a separate paragraph of the motion or opposition. Defendant therefore had already presented its request for oral argument through the procedure contemplated by the Local Rule, and Plaintiff had already responded.

Defendant subsequently docketed its separate filing as a "Motion for Hearing" after briefing was complete, although the filing itself is captioned "Request for Hearing." To the extent Defendant seeks relief through a separate motion, Local Rule 7.1(a)(2) provides that no motion shall be filed unless counsel certify that they conferred and attempted in good faith to resolve or narrow the issue.

Defendant did not confer with Plaintiff regarding this Motion and included no certification of conference. Plaintiff had no notice that Defendant intended to seek the same relief through a separate motion after briefing had concluded. Further, Local Rule 7.1(b)(2) affords a party fourteen days to oppose a motion.

The Court granted Defendant's Motion and scheduled the hearing approximately fifteen minutes after the Motion was filed, before Plaintiff had an opportunity to respond and before the fourteen-day opposition period provided by Local Rule 7.1(b)(2) had expired.

Plaintiff respectfully raises this procedural history so that her existing opposition to the requested hearing is considered as part of the record.

The separate Request does not request an in-person hearing or identify any matter requiring physical attendance. Plaintiff resides in Dallas, Texas. If the Court determines that oral argument would assist its consideration of the Motion, Plaintiff respectfully requests permission to participate remotely to avoid the substantial expense and logistical burden of interstate travel.

The timing of the scheduled hearing also has consequences for the progression of this action. Plaintiff previously sought to proceed with the Rule 26(f) conference and discovery and

was advised by the Court that the Rule 26(f) process would occur after resolution of the Motion to Dismiss.

The hearing is now scheduled approximately two months from Defendant's Request. Under the present case-management posture, this further postpones the Rule 26(f) process and the commencement of discovery.

Plaintiff respectfully requests that, regardless of whether the Court elects to hear oral argument on the Motion to Dismiss, the parties be permitted to proceed with their Rule 26(f) conference without awaiting resolution of the Motion so that the case may continue to progress.

Plaintiff respectfully requests that the Court consider deciding the Motion to Dismiss on the existing record. Alternatively, if the Court determines that oral argument would be helpful, Plaintiff respectfully requests permission to participate remotely.

Respectfully submitted,

Date: September 3, 2026

/s/ Gallit Fischman

**GALLIT FISCHMAN, Pro Se**

10114 Deermont Trail

Dallas, TX 75243

(214) 893-6720

gallitfischman@yahoo.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served on all counsel of record through the Court's CM/ECF system, or by other means authorized by the Federal Rules of Civil Procedure, on September 3, 2026.

**/s/** Gallit Fischman ______________________________

**GALLIT FISCHMAN, Pro Se**