UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GALLIT FISCHMAN,<br>Plaintiff,<br>v.<br>BOSTON CHILDREN'S HOSPITAL,<br>Defendant. | CIVIL ACTION<br>NO. 26-11504-WGY |

YOUNG, D.J. October 15, 2026

**ORDER**

Before the Court is the defendant, Children's Hospital Corporation d/b/a Boston Children's Hospital's ("BCH"), motion to dismiss, Mot. Dismiss Am. Compl., ECF No. 18, the plaintiff, Gallit Fischman's ("Fischman") Amended Complaint, Am. Compl. ("Am. Compl."), ECF No. 17, which is fully briefed. See Def.'s Mem. Supp. Mot. Dismiss ("Mem."), ECF No. 19; Pl.'s Mem. Opp'n Def.'s Mot. Dismiss ("Opp'n"), ECF No. 23; Reply, ECF No. 28, Sur-reply, ECF No. 27. For the reasons stated below the motion is ALLOWED and the action is DISMISSED without prejudice.

Although the parties do not point to any differences between applying Texas or Massachusetts law, here the Court needs to make a choice of law determination. Texas law applies.

See Cohen v. McDonnell Douglas Corp., 389 Mass. 327, 333-34 (1983).

Count IV is brought under the Texas wrongful death statute. See Tex. Civ. Prac. & Rem. Code Ann. § 71.002 ("The Wrongful Death Act" or "the Act"). Under the Wrongful Death Act, the State of Texas has statutorily enacted a claim for certain relatives of a decedent "for damages arising from an injury that causes an individual's death" if the Decedent themself would have been able to sue for personal injuries had they lived. Id. § 71.002(b); Russell v. Ingersoll-Rand Co., 841 S.W.2d 343, 347 (Tex. 1992). The Wrongful Death Act is a narrow and a collective action: "[t]he surviving spouse, children, and parents of the deceased may bring the action or one or more of those individuals may bring the action **for the benefit of all.**" See Tex. Civ. Prac. & Rem. Code Ann. § 71.004(b) (emphasis added). Indeed, the Act envisions a single action and recovery as to a defendant, and where only one or some of the beneficiaries bring the action, "it *must appear* that the suit was brought for the benefit of all." See Avila v. St. Luke's Lutheran Hosp., 948 S.W.2d 841, 850 (Tex. App. 1997).

BCH argues, among other things, that Fischman has failed to allege sufficient facts to show that she is the sole statutory beneficiary of the Decedent. See Mem. at 14 n. 16 ("Although Plaintiff alleges that she is the daughter of the Decedent, she

does not bring her wrongful death action on behalf of statutory beneficiaries as required under the Texas wrongful death statute."). BCH is correct.

In both Fischman's original and amended complaint, she affirmatively pleads that she brings the action as "a" beneficiary of the Decedent and expressly disclaims bringing the action on behalf of other statutory beneficiaries. See Compl. ¶ 4, ECF No. 1 ("[Plaintiff] brings this action individually and as a statutory beneficiary of [the Decedent]"); Am. Compl. ¶ 11. ("[Plaintiff] brings this action solely in her individual capacity as a statutory wrongful-death beneficiary of her father . . . . Plaintiff does not bring this action on behalf of any other person or entity."). In fact, though not dispositive, the record demonstrates that there appear to be other beneficiaries of the Decedent. See Gallit Fischman and Ilana Fischman v. U. Tex. Sw. Med. Ctr., Dallas County District Court, Cause No. DC-25-18350, Pls.' Sixth Am. Pet. at 2, ECF No. 21-8 (describing Ilana Fischman as suing for wrongful death along with Fischman under Texas law). Fischman's Amended Complaint pleads a lack of any other survivorship or estate theories. See Am. Compl. ¶ 11 ("No estate has been opened, no survival claims are asserted, and Plaintiff seeks only those damages recoverable in her own right under the Texas Wrongful Death Act.").

Presuming all plausibly pleaded facts alleged in the complaint as true, and drawing all inferences in favor of Fischman, she has pleaded herself outside of the scope of the Texas Wrongful Death Statute by failing to plead for the benefit of all statutory beneficiaries. Fischman's claim under the Wrongful Death Act, Count IV, is therefore DISMISSED without prejudice.

Counts I-III contain tort claims sounding in negligence which are personal to the Decedent.[1] Absent a wrongful death claim, Fischman has no independent standing to bring these claims on her own.[2] Counts I-III are therefore DISMISSED without prejudice for lack of standing.

The Motion to Dismiss, ECF No. 18, is therefore ALLOWED. The action is DISMISSED without PREJUDICE as to Counts I, II and III because Fischman lacks independent standing as to those counts, and DISMISSED without PREJUDICE as to Count IV for

---

[1] See Horizon/CMS Healthcare Corp. v. Auld, 34 S.W.3d 887, 903 (Tex. 2000) ("[A]ll negligence actions are common-law claims. . . . At common law, however, no personal injury cause of action survived a victim's death. . . . The victim's heirs could not sue on behalf of the victim or for their own losses due to the tortious act."); Johnson v. Rolls, 79 S.W. 513, 514 (Tex. 1904) ("[A]t common law all causes of action for damages die with the person of the party injured, or the person inflicting the injury, except such damages as grow out of acts affecting the property rights of the injured party.").

[2] Belt v. Oppenheimer, Blend, Harrison & Tate, Inc., 192 S.W.3d 780, 784 (Tex. 2006)("absent a statute providing to the contrary, a cause of action that is penal or personal in nature typically does not survive . . . the death of either party.").

failure to state a claim upon which relief can be granted.[3] The Clerk is directed to enter a separate order closing the case.

**SO ORDERED.**

WILLIAM G. YOUNG
JUDGE
of the
UNITED STATES[4]

---

[3] The Court need not, and does not, reach the other substantive arguments made by BCH in its motion. To the extent Fischman were to plead otherwise as to Count IV, the Court observes that, under Local Rule 83.5.5, Fischman may be unable to proceed pro se in this district. See generally L.R. 83.5.5(b) (pro se litigants may not represent other parties); cf. Fischman v. Epic Sys. Corp., No. 3:26-CV-0770-D, 2026 WL 1651510, at *7 (N.D. Tex. June 8, 2026) (Fischman proceeding pro se, but notably with no objection from BCH in that case at the motion to dismiss stage); see N.D. Tex L.R. 83.14 (silent as to whether pro se can appear on behalf of others).

[4] This is how my predecessor, Peleg Sprague (D. Mass 1841-1865), would sign official documents. Now that I'm a Senior District Judge I adopt this format in honor of all the judicial colleagues, state and federal, with whom I have had the privilege to serve over the past 48 years.